PASCUAL CRUZ, Plaintiff and Appellant, v. ALFONSO SANZ ALLENDE, Defendant and Appellee.

No. 9435. Argued March 3, 1947.—Decided April 11, 1947.

César Andréu Ribas for appellant. G. Jiménez Sicardó for appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

This is an unlawful detainer proceeding wherein the lower court dismissed the complaint before plaintiff finished offering his evidence, on the ground of conflict of titles. As revealed by plaintiff's evidence, the owner of the building in question had leased it to Arturo Bernard for the business of renting rooms. Bernard sold the equipment of the lodging house to plaintiff, Pascual Cruz, and assigned to the latter his rights in the lease contract, or subleased the premises, to him, to which the owner of the building consented, although he continued making the receipts in the name of Bernard. Later, Pascual Cruz executed a contract with Alfonso Sanz, defendant herein, whereby the former leased the equipment and sublet the premises to the latter for a daily rental of $8 which comprised the use of the equipment as well as the use of the premises. Some time afterward, Sanz went to the owner of the building and told him that he had bought from Pascual Cruz the equipment of the business and that he wished to execute a lease contract of the building. Believing Sanz, the owner executed the lease contract and as security required him to furnish a bond which Sanz did by delivering him a certified check issued by another person. Pascual Cruz immediately heard of the transaction carried out between Sanz and the owner of the building and informed the latter and his attorney that Sanz had deceived him by saying that he was owner of the equipment, whereupon the owner of the building wrote to Sanz telling him that he rescinded the contract and returned the certified check to the surety. Sanz raised no objection to the rescission nor paid any rental either to the owner or to Pascual Cruz, who continued to pay said rentals on his own account, just as he had been doing under the contract which he had executed with Bernard.

The Supreme Court of Spain, has held that there can be a conflict of titles only when the defendant claims a title of ownership which tends to justify that his possession

of the property is not as lessee, administrator, guardian of the realty nor *in precarium*, that is, without title, by the tolerance of the owner and without paying any rent or consideration whatsoever.[1] Decision of May 29, 1920, 150 *Jur. Civ.*, p. 440. But, when, as in the present case, the defendant merely sets up the condition of lessee which is one of those contemplated by § 621 of the Code of Civil Procedure, then a conflict of title can not arise which may bar the special action of unlawful detainer precisely because, pursuant to said provision, the lessee is one of the persons against whom the special proceeding of unlawful detainer lies and within that proceeding the issue is: who has a better title to the possession, the plaintiff who should be one of the persons mentioned in § 620 of the Code of Civil Procedure[2] or the defendant who, as in the case at bar, is among those against whom unlawful detainer lies? *Maceira* v. *Pietri et al.*, 30 P.R.R. 545; *Colón* v. *Colón*, 51 P.R.R. 95; *Abarca* v. *Cordero*, 60 P.R.R. 507, and *De Arrastia* v. *Quiles*, 65 P.R.R. 857.

Since in the present case there is no conflict of titles which bars the special proceeding of unlawful detainer, for the only title claimed by defendant is that of lessor, the judgment appealed from must be reversed and the case remanded to the lower court to proceed with the trial and dispose of the case accordingly.

---

[1] Section 621 of the Code of Civil Procedure (1933 ed.) as amended by Act No. 14 of November 21, 1941, Special Session Laws, p. 44, in so far as pertinent reads:

"The action of unlawful detainer will lie against the tenants, *colonos*, and other lessees of property, and against the administrators, agents, keepers, or guards placed in charge of the property by the owner thereof, or any other person who retains the material possession thereof or enjoys the same by sufferance, without paying any rental or other consideration whatever; . . ."

[2] Section 620 of the Code of Civil Procedure (1933 ed.) prescribes:

"The action of unlawful detainer (desahucio) may be commenced by the owners of property, usufructuaries thereof, or by any other person or persons entitled to the enjoyment of such property, or by persons claiming under them."